IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TUTOR DOCTOR SYSTEMS, INC. | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-14-519 |
| | * | |
| HAROLD L. KESTENBAUM, ESQ., ET AL. | * | |
| ****** | | |

MEMORANDUM

Tutor Doctor Systems, Inc. ("TDS") has brought this action against Harold Kestenbaum, Esq., Ruskin Moscou Faltischek, P.C., ("RMF") and Gordon & Rees, LLP. Jurisdiction is based upon the diverse citizenship of the parties. Kestenbaum and RMF have filed motions to dismiss for lack of personal jurisdiction. Gordon & Rees has filed a motion to dismiss or transfer for improper venue. Because I have concluded that transfer of the action to the Eastern District of New York is appropriate, I will grant Gordon & Rees' motion to transfer and decline to rule upon the motion to dismiss for lack of personal jurisdiction filed by Kestenbaum and RMF.

A.

TDS franchises tutoring services. The company's principal place of business is in Wilmington, Delaware, and it is incorporated in Delaware. TDS purchased its business from Tutor Systems, Inc., a Canadian company. Kestenbaum represented Tutor Systems, Inc. and solicited the franchising business of TDS. After conducting an investigation, TDS retained Kestenbaum.

From August 2007 to August 2011, Kestenbaum was "of Counsel" to RMF. He was chair of the firm's Distribution Licensing Practicing Group, and the firm paid the premium for his legal malpractice insurance. Kestenbaum also represented the firm in various outside

1

activities. Since September 2011, Kestenbaum has been a partner in Gordon & Rees' Franchise, Hospitality and Business Transactions Practice Groups. Gordon & Rees maintains an office in Maryland. All of the defendants are subject to personal jurisdiction to the Eastern District of New York.

Kestenbaum agreed to represent TDS in connection with the filing and registration of franchise renewal documents in Maryland and other states, the modification of franchise documents according to the laws of each of the states in which TDS was registered as a franchisor, the negotiation of franchise agreements with attorneys for prospective franchisees and the ensuring of compliance with franchise laws in each of the states in which TDS was registered as a franchisee. Allegedly, Kestenbaum permitted TDS' registration to lapse in Maryland, California, Hawaii, Illinois, Michigan, Minnesota, New York, Virginia, Washington, and Wisconsin. Moreover, Kestenbaum also allegedly failed to follow through with TDS' request to obtain an exemption from Connecticut's business opportunity sales act.

TDS alleges that Kestenbaum never told TDS that its registration in Maryland had lapsed and, indeed, falsely represented to TDS that it was registered in Maryland and in the other states where Kestenbaum permitted the registration to lapse. TDS violated Maryland law by engaging in franchising activities when it was not registered. It was subject to civil and criminal penalties and was required to offer to rescind franchise agreements it entered into during the period that it was not registered and to refund monies that had been paid by various franchisees. During the period September 2007 to May 2012, Kestenbaum represented 125 separate clients with franchises in Maryland and handled at least 215 franchise-related filings in Maryland.

TDS asserts claims for professional malpractice, negligent misrepresentation, negligent supervision[1], fraud, disgorgement, and indemnity against the three defendants.

B.

On these facts I would be inclined to find that personal jurisdiction exists over Kestenbaum and RMF in Maryland in connection with its franchising activities in Maryland. It would seem that by undertaking to file franchise documents in Maryland for TDS and to keep these current, and by initially filing such documents, Kestenbaum transacted business in Maryland and contracted to supply services within the state. This is particularly true in light of the fact that Kestenbaum filed franchising documents for other clients. These activities appear to be sufficient to bring Kestenbaum's activities within the reach of the Maryland long-arm statute. *See* Md. Cts. & Jud. Proc. Code, §6-103(b). Further, it appears clear that as counsel to RMF, Kestenbaum acted as RMF's agent in Maryland.

It is, however, decidedly less clear to me that to the extent that TDS is asserting claims for Kestenbaum's acts or failure to act in states other than Maryland, Kestenbaum and RMF are subject to personal jurisdiction in Maryland. It does not appear that either Kestenbaum or RMF are "doing business" within Maryland so as to give rise to general jurisdiction here, and any claims asserted by TDS for Kestenbaum's acts or failures to act in connection with the lapsing of franchises in other states did not arise out of Kestenbaum's and RMF's contacts with Maryland. Furthermore, it is extremely questionable whether TDS' claims for negligent misrepresentation and fraud arose in Maryland. The alleged misrepresentations were developed in New York

---

[1] It is alleged that Helen Rajcooar, a paralegal at Gordon & Rees was directly supervised by Kestenbaum, made the misrepresentations to TDS concerning the effectiveness of its franchising status.

(where Kestenbaum and RMF have their offices) and, presumably, communicated to TDS in Delaware, where TDS has it principal place of business.[2]

Under these circumstances I deem it appropriate to transfer this action to the Eastern District of New York, where, as indicated above, RMF, Kestenbaum, and Gordon and Rees are all subject to personal jurisdiction. There are several reasons for my decision.

First, as I have indicated, there are questions as to whether this court has personal jurisdiction over Kestenbaum and RMF in regard to some of the claims that TDS appears to have asserted. Under these circumstances I deem it in the public interest to transfer the case to a district where the questions about personal jurisdiction do not exist. *See Harry and Jeanette Weinberg Foundation v. A&B Inv. Mgmt. & Trust Co.*, 966 F. Supp. 389, 391 (D. Md. 1997); *Joseph M. Coleman & Associates, LTD. v. Colonial Meadows*, 87 F. Supp 116, 120 (D. Md. 1995). The public interest is not served by litigation uncertainty.

Second, although Maryland clearly has an interest in ensuring that its franchising laws are upheld, that interest has been served by the fact that Maryland regulators required TDS to offer to rescind the franchise agreements entered into during the time that TDS' registration had lapsed and to make refunds to the franchisees. Maryland has no interest whatsoever in resolving a solely monetary dispute between parties domiciled in other jurisdictions.

Third, it is in the interest of the witnesses that this litigation proceed in the Eastern District of New York. That is the state in which defendant's alleged failures to act occurred, and the jurisdiction in which the alleged misrepresentations were generated. The lapse in TDS'

---

[2] It is likewise somewhat questionable whether TDS' claim for "negligent supervision" arose in Maryland. Although that claim clearly is intertwined with the claim for malpractice, any negligent supervision occurred in New York.

registration in Maryland that allegedly flowed from defendants' misconduct is a matter of public record and can either be stipulated to or easily proved by deposition testimony.

A separate order transferring this action to the Eastern District of New York is being entered herewith.

Date:   December 31, 2014          __/s/_____
                                   J. Frederick Motz
                                   United States District Judge